## Commonwealth v. Scott.

(Decided January 24, 1911.)

### Appeal from Metcalfe Circuit Court.

Local Option—Shipment of Whiskey from Indiana into this State—Application of Interstate Commerce Act.—Where a package of whiskey was shipped by Adams Express from New Albany Indiana to Edmonton, this state, via Glasgow, the terminus of the express company's line, the Interstate Commerce Act applying to such shipments, appellee as a carrier of packages from Glasgow to Edmonton did not violate the law in paying the charges on the package, at Glasgow, conveying it to the consignee, and collecting the advance charges and his charge for carrying the package to the consignee, upon delivery.

J. W. KINNAIRD, County Attorney; Jas. Breathitt, Attorney General, and T. B. Blakey, Assistant Attorney General, for appellant.

M. O. SCOTT, and J. R. BEAUCHAMP, for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

The grand jury of Metcalfe county returned the following indictment against appellant, to-wit:

"The grand jury of Metcalfe county in the name and by the authority of the Commonwealth of Kentucky accuse L. B. Scott of the offense of bringing into a local option district spirituous, vinous and malt liquors for hire committed as follows, viz: The said L. B. Scott on the 27th or 28th day of April, 1910, and within twelve months before the finding of this indictment in the county and Commonwealth aforesaid did unlawfully for hire, bring into Metcalfe county, spirituous, vinous and malt liquors, where the local option law was then and there in full force contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the Commonwealth of Kentucky."

The case was submitted for trial upon an agreed state of facts which is as follows:

"It is agreed that the facts in the above styled action are as follows:

"1. On the —— day of ——, 1910, R. E. McCandles who resides at Edmonton, Ky., was engaged in retailing family groceries and selling spirituous liquors at Edmonton, Ky., and that he by mail ordered to be shipped to him at Edmonton, Ky., via Glasgow, Ky., from New Albany, Ind., whisky, and that same was shipped to him from New Albany, Ind., to Edmonton, Ky., via Glasgow, Ky., and that when shipped from New Albany, Ind., it was billed or addressed to him at Edmonton, Ky., via Glasgow, Ky.; that same was transported from New Albany, Ind., by Adams Express Company, and that the Adams Express Company's line terminated at Glasgow, Kentucky.

"2. That the defendant had a long time prior to the day aforesaid, and was at the time engaged with his own wagons and teams in the business of transporting goods, wares and merchandise and other chattels for persons who chose to employ and remunerate him therefor from Edmonton, Ky., to Glasgow, Ky., which was the terminus of the L. & N. R. R. Co., and also from Glasgow, Ky., to Edmonton, Ky., and the defendant while so engaged in said business did transport said whisky from Glasgow, Ky., to Edmonton, Ky., and there delivered the same to R. E. McCandles, the consignee to whom said whisky was billed as aforesaid.

"3. That at the time defendant so transported said whisky as aforesaid he received and receipted for said whisky at Glasgow, Ky., and he advanced the money as was his custom to do for his customers to whom goods were consigned and paid the freight thereon and after so transporting same, he collected the money so advanced as well as the money for his charges for transporting the same as aforesaid, and in this way he transported said whisky for hire to Edmonton, Ky., where he delivered the same to the consignee to whom the same was billed aforesaid, namely, Bud McCandles.

"4. That the local option law was at that time in full force and effect in Metcalfe county at the place where said liquor was delivered by the defendant as aforesaid to said consignee."

The lower court found Scott not guilty and the Commonwealth appealed.

There can be no question of appellee's guilt under section 2569a, Kentucky Statutes, if that section applies to the facts of the case. If the Interstate Commerce Act applies, it takes precedence over section 2569a and the case must be determined according to it. As shown by

the agreed facts, the whisky was shipped from New Albany, Indiana, to McCandles at Edmonton, Kentucky; that the express company carried it to Glasgow, the terminus of its line; that appellee, a common carrier, conveyed it from there to Edmonton, Kentucky, and delivered it to McCandles, the consignee.

In the case of Rhodes v. Iowa, 170 U. S., 412 Rhodes was indicted for carrying a box of whisky from Burlington, Iowa, to Brighton, Iowa. The package had been billed from Dallas, Ill., to William Horn, Brighton, Iowa. It was carried by the Chicago, Burlington & Quincy Railroad from Dallas to Burlington, and from that point to Brighton by Rhodes. The Statute of Iowa, under which Rhodes was prosecuted, is in part as follows:

"If any express company, railway company or any agent or person in the employ of any express company, or of any common carrier, or any person in the employ of any common carrier, or if any other person shall transport or convey between points, or from one place to another within this state, for any other person or persons or corporation, any intoxicating liquors, without having first been furnished with a certificate from and under the seal of the county auditor of the county to which said liquor is to be transported or is consigned for transportation, or within which it is to be conveyed from place to place, certifying that the consignee or person to whom said liquor is to be transported, conveyed or delivered, is authorized to sell such intoxicating liquors in such county, such company, corporation or person so offending, and each of them, and any agent of said company, corporation or person so offending, shall, upon conviction thereof, be fined in the sum of one hundred dollars for each offense and pay cost of prosecution," &c.

This statute would certainly have reached Rhodes if it had been applicable to the shipment. In that case the court said:

"The sole question presented for consideration is whether the statute of the State of Iowa can be held to apply to the box in question whilst it was in transit from its point of shipment, Dallas, Illinois, to its delivery to the consignee at the point to which it was consigned. That is to say, whether the law of the State of Iowa can be made to apply to a shipment from the State of Illinois, before the arrival and delivery of the merchandise,

without causing the Iowa law to be repugnant to the Constitution of the United States.''

The court decided in that case that the Iowa Statute had no application; that it was an attempt to regulate interstate commerce which, under the United States Constitution, is a power vested solely in Congress; that the statutes of the State of Iowa did not apply to that shipment until the package which was shipped from Dallas, Illinois, had reached Brighton, Iowa, and had been delivered to the consignee, William Horn. The court also decided in that case that if the statute applied to Rhodes it would also apply to the man who moved the whisky from the platform into the freight house in Burlington, as he knew the box contained whisky. But the court decided that neither he nor Rhodes were subject to the State Statute, as the Act of Congress applied to the shipment, and that, therefore, all who aided in the shipment and delivery of the whisky to Horn were amenable under the interstate commerce law, rather than under the State Statute.

Since the opinion in the case above mentioned was rendered, that court has again considered the same question in the case of Adams Express Co. v. Kentucky, 206 U. S., 129. In that case the grand jury of Laurel county indicted Joe Newland and the Adams Express Company charging that they were partners engaged in carrying packages, &c.; that they had carried and delivered to Geo. Meece a parcel containing intoxicating liquor which was to be paid for on delivery at East Bernstadt. It seems that, according to the agreed facts in that case, a Cincinnati whisky house would obtain the names of citizens of Laurel county and, without the knowledge of the citizens, ship whisky to them; that the persons to whom the whisky was shipped would be notified that there was a package at the express office for them, for which they would call, pay the charges and receive; and they had been doing this for a long time. Some of the packages remained in the office for a week or more. This court decided that case in favor of the Commonwealth, an appeal was taken to the Supreme Court of the United States which reversed the judgment of this court and decided, in effect, that the Interstate Commerce Act applied to the shipments and that it was interstate commerce until the packages were delivered to the persons to whom consigned.

Under these authorities, Scott was not guilty of violating the State law, and the lower court was right in so holding.

For these reasons, the judgment of the lower court is affirmed.